UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASMA AHMED,

 Plaintiff,

v.           Civil Case No. 20-10761
             Honorable Linda V. Parker

HVI MANAGEMENT SERVICES, LLC,
HALO MEDICAL GROUP, PLLC, and
HEART & VASCULAR INSTITUTE
OF AMERICA, PLLC d/b/a
HEART & VASCULAR INSTITUTE

 Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

On March 23, 2020, Plaintiff filed this lawsuit claiming that Defendants failed to pay her a minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA"). The matter is presently before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) In their motion, Defendants indicate that they are seeking sanctions against Plaintiff for filing this action, and that their motion constitutes notice to Plaintiff of their intent to seek such sanctions under Federal Rule of Civil Procedure 11 in a separate motion. (*Id.* at Pg ID 37.) Defendants' motion to dismiss has been fully briefed. (ECF Nos. 6, 13.) Finding the facts and legal arguments sufficiently

presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## I.   Applicable Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing Twombly, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)).  A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d).  However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the

[c]omplaint and any exhibits attached thereto, public records, items appearing in

the record of the case and exhibits attached to [the] defendant's motion to dismiss,

so long as they are referred to in the [c]omplaint and are central to the claims

contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430

(6th Cir. 2008).  Thus, a court may take judicial notice of "other court

proceedings" without converting a motion to dismiss into a motion for summary

judgment.  *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010)

(citing *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir.

2008)).

## II.    Factual and Procedural Background

Defendants HVI Management Services, LLC ("HVI Management"), Halo

Medical Group, PLLC ("Halo"), and Heart and Vascular Institute of America,

PLLC, doing business as Heart & Vascular Institute ("HVI") are various entities

located at the same address in Detroit, Michigan.  (Compl. ¶¶ 2-4, ECF No. 1 at Pg

ID 1-2.)

Plaintiff began working for "Defendant" in December 2012.  (Compl. ¶ 8,

ECF No. 1 at Pg ID 2.)  At some point in time, Plaintiff was promoted to Technical

Director of Cardiovascular Sonography.  (*Id.*)  According to Plaintiff, this position

was that of an x-ray technician.  (*Id.* ¶ 9, Pg ID 2.)  Plaintiff did not (a) maintain

any executive job duties or functions; (b) have direct subordinates; (c) provide

3

input into the job status of other employees; or (d) engage in management.  (*Id*. ¶¶ 9-11, Pg ID 2-3.)  Plaintiff alleges that she worked 40-65 hours a week but did not receive overtime pay.  (*See, e.g., id*. ¶ 14, Pg ID 3.)

In September 2019, Plaintiff filed a lawsuit against Halo and HVI in the Circuit Court for Wayne County, Michigan ("State Court Action).  (Defs. Mot. Ex. 1, ECF No. 4-1.)  Plaintiff's claims in the State Court Action related to her employment.  (*Id*.)  She alleged violations of the Michigan Whistleblowers' Protection Act, the Michigan Improved Workforce Opportunity Wage Act ("Michigan's Wage Act"), and Michigan Public Policy.  (*Id*.)  Specifically, as relevant to the current lawsuit, Plaintiff alleged that she was denied a lawful wage and overtime in violation of Michigan's Wage Act.  (*Id*.)

Halo and HVI filed a motion for summary disposition in the State Court Action arguing, in part, that Plaintiff was exempt from the wage requirements in the Michigan Wage Act.  (*See* Defs. Mot. Ex. 4 at 6-7, ECF No. 4-4 at Pg ID 67-68.)  On December 9, 2019, the State Court issued an order granting the motion and dismissing all of Plaintiff's claims.  (*Id.* Ex. 2, ECF No. 4-2.)  Plaintiff appealed the dismissal of her wage claims, only.  *See Ahmed v. Halo Med. Grp., et al*. No. 352068, 2020 WL 7417009, at *1, 3 (Mich. Ct. App. Dec. 17, 2000).

Although not included in the parties' briefs, a review of the state appellate court docket reflects that, on December 17, 2020, the Michigan Court of Appeals

vacated the circuit court's decision with respect to Plaintiff's wage and overtime claim under Michigan's Wage Act.[1]  *Id*. at *4, 7.   The appellate court remanded the matter to the trial court for further proceedings.  *Id*.  The parties are scheduled to appear before the state trial court on February 23, 2021.  *See*

*https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3782769* (visited Feb. 16, 2021).

### III.    Defendants' Arguments & Analysis

The entire premise of Defendants' arguments for dismissal of the present matter is the state trial court's decision concluding that Plaintiff is exempt from the requirements of Michigan's Wage Act.  Defendants maintain that res judicata and/or collateral estoppel bar Plaintiff's similar claim under the substantively identical FLSA.[2]  While Defendants also argue that Plaintiff is an exempt employee under the FLSA, they do not independently analyze why that is so but simply rely again on the state trial court's holding.  (*See* Mot. at 21, ECF No. 37 at Pg ID 36.)

---

[1] While briefing with respect to Defendants' motion to dismiss concluded well before the Michigan Court of Appeals issued its decision, Plaintiff or Defendants, at the very least, should have supplemented the record to inform this Court of that decision.  Defendants in fact probably should have withdrawn their motion in light of that decision.

[2] Defendants also argue that issue preclusion bars Plaintiff's claim; however, collateral estoppel and issue preclusion are different names for the same doctrine. *See United States v. Vassar*, 346 F. App'x 17, 28 n.1 (6th Cir. 2009) (citing *Dodrill v. Ludt*, 764 F.2d 442, 443 (6th Cir. 1985)).

As the state trial court's decision with respect to Plaintiff's wage claims has now been vacated, Defendants' arguments lack merit.  While the present lawsuit may have been frivolous when filed due to the state trial court's decision, this Court can no longer conclude that it is.  Defendants therefore are not entitled to sanctions.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 4) is **DENIED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: February 22, 2021

6